UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ABRAHAM MIRMAN,

                          Plaintiff,                    **ORDER**

    -against-                                          10 CV 5330 (DRH) (WDW)

ROBERT FEINER,

                          Defendant.
----------------------------------------------------------------X

**HURLEY, Senior District Judge:**

On November 18, 2010, Abraham Mirman ("plaintiff" or "Mirman") commenced this diversity action against Robert Feiner ("defendant" or "Feiner") alleging breach of contract, breach of fiduciary duty, and promissory estoppel. In response, Feiner moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6). By Memorandum & Order dated September 28, 2012, the Court granted defendant's motion under Rule 12(b)(2), and dismissed the Complaint without prejudice for lack of personal jurisdiction. *Mirman v. Feiner*, --- F. Supp. 2d ----, 2012 WL 4580600, at *10 (E.D.N.Y. 2012). Although plaintiff did not request leave to amend his Complaint in the event that defendant's motion was granted, Mirman was given one limited opportunity to do so. On this point, the Court indicated the following:

> To the extent plaintiff has a good faith basis to plead additional facts that would cure the deficiencies noted herein, he shall file a premotion conference letter requesting leave to move to amend the Complaint. Such premotion conference letter shall specify the additional facts that would be pled and shall be filed within thirty days of the date of this Order. If plaintiff does not file such a letter within that time frame, his opportunity to request leave to move to amend shall be deemed waived and the case will be marked closed.

*Id.*

On October 3, 2010, plaintiff's counsel moved to withdraw as counsel of record. This motion was granted by Magistrate Judge Wall on October 10, 2010. In light of counsel's withdrawal, the deadline for plaintiff to file a premotion conference letter in accordance with the September 28, 2012 Memorandum & Order was extended to November 12, 2012. On November 9, 2012, newly retained counsel filed a premotion conference letter on behalf of Mirman requesting permission to file a motion to transfer the case to the United States District Court for the District of Connecticut. The defendant opposed plaintiff's request on November 16, 2012, arguing, *inter alia*, that the transfer request conflicted with the directives contained in the September 28, 2012 Memorandum & Order, and that the action has already been dismissed.

On November 30, 2012, a brief pre-motion telephone conference was held in connection with plaintiff's request to file a motion to transfer. At the telephone conference, plaintiff's counsel was advised that his letter request did not provide any legal support for the proposition that a court may transfer an action after the complaint was dismissed. Therefore, counsel was given an opportunity to further research the issue and file a letter with the Court no later than December 14, 2012, indicating how plaintiff intended to proceed. To date, no such letter has been filed with the Court.

Putting aside the fact that plaintiff's request to transfer is in contravention of the Court's September 28, 2012 Memorandum & Order, the procedural posture of this case precludes plaintiff from having it transferred to the District of Connecticut. While a district court has the authority to transfer a case even where it lacks personal jurisdiction over it, *see Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978), once a court has dismissed a complaint for lack of personal jurisdiction, the court cannot then transfer the case to another district, *see*

*Hollyanne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999); *see also* 32A Am. Jur. 2d Federal Courts § 1253 (2012).  Had plaintiff requested in his opposition to defendant's motion to dismiss that the Court consider transferring the matter should it find personal jurisdiction lacking, the ability to transfer would still have been a viable option.  However, no such request was made prior to the Complaint being dismissed.  With no operative pleading on file, there is no action for this Court to transfer to the District of Connecticut.  And since Mirman has not sought to amend his Complaint in order to cure the personal jurisdiction deficiencies within the deadline provided, the Clerk of Court is directed to mark this case as closed.

**SO ORDERED.**

Dated: Central Islip, New York
       January 2, 2013

_____/s/_____
Denis R. Hurley
United States District Judge